UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MYRON MARTIN,

       Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; UNIDENTIFIED OFFICERS I-IV,

       Defendants.

Case No. 2:25-cv-02355-JAD-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP application is incomplete and denied without prejudice below. The Court nonetheless exercises its discretion to screen Plaintiff's Complaint.

**I.    Screening Standard**

The Court screens the Complaint under 28 U.S.C. § 1915(e)(2). In screening the Complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, Plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether Plaintiff's Complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual

allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Complaint

Unfortunately, Plaintiff's Complaint suffers from a lack of detail. Plaintiff begins by alleging he lived on a field in an industrial part of Southeast Las Vegas with roughly 20 other individuals for a year. ECF No. 1-1 at 3. On an unidentified date, Las Vegas Metropolitan Police Department ("LVMPD") officers allegedly executed a warrant to search Plaintiff's "shed"; however, the reason for the search is unclear as no additional facts are pleaded. *Id*. Plaintiff offers as a conclusion that he was not trespassing and officers did not tell him to vacate the property. *Id*. Plaintiff pleads no facts demonstrating he had a right to live or construct a "shed" on the field.

Plaintiff alleges that one month after LVMPD's search, four officers arrived at the field and ordered everyone present to leave the property in one hour, further stating those who did not leave the property would be arrested. *Id*. at 4. When one of the other individuals living on the field allegedly protested, the LVMPD officers then announced everyone now had five minutes to leave the property. *Id*. Plaintiff says the LVMPD officers told everyone they could only take one bag of possessions and enforced the limit by ordering individuals to leave behind items that appeared excessive, including bicycles. *Id*.

At roughly the same time as the officers ordered everyone off the field, Plaintiff's ride-share driver arrived to take him to a court hearing. *Id*. Plaintiff left his shed to tell the driver he needed more time to collect his belongings. *Id*. Upon returning, LVMPD officers stopped Plaintiff and told him that he could no longer retrieve his possessions. *Id*. After Plaintiff protested, explaining that he needed his clothes to appear in court, one LVMPD officer pointed to a shopping cart and said to

grab those items. *Id*. When Plaintiff told the unidentified officer the shopping cart items were not his, the officer instructed Plaintiff to leave. *Id*. As Plaintiff left the property he saw people from a "site prep company" going through his possessions, keeping the valuables, and discarding everything else. *Id*. at 5. Plaintiff submits that as a result of the above events he lost all his possessions including clothes, a laptop, tools, a moped, and various documents. *Id*. at 4.

Liberally construed, it appears Plaintiff attempts to state a Fourth Amendment claim against the unidentified LVMPD officers because they prevented Plaintiff from retrieving his personal property before a third party "site prep company" disposed of it. *Id*. at 4-5. Plaintiff also appears to allege two Fourteenth Amendment Procedural Due Process claims against the unidentified officers for (1) ordering him to leave the field without prior notice, and (2) preventing him from retrieving his personal property thereby depriving him of his property. *Id*. at 4.

**III.    Plaintiff Has Not Stated a Claim Against the Individual Officers or LVMPD**.

To state a 42 U.S.C. § 1983 claim against an individual Plaintiff must plead "(1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that this conduct deprived … [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015). Liability under § 1983 requires personal participation by each defendant; there is no respondeat superior liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Here, Plaintiff names four LVMPD officers as defendants, but does not identify them in any way. He provides no names, badge numbers, physical descriptions, whether they were men or women, or any other trait that might make them identifiable. ECF No. 1-1 at 2. Moreover, Plaintiff does not differentiate among the officers as is necessary to show personal participation. Nonetheless, in *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), explains that although "the use of 'John Doe' to identify a defendant is not favored … a plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."

First, the Court finds it is not clear that Defendant will be unable to uncover the identities of the officers through discovery. The Court does not know whether Plaintiff can provide any

3

identifying information about the officers with whom he interacted on the day he lost his possessions. With sufficient physical descriptions (and perhaps a date or approximate date of events and the location—such as cross streets close to the field) LVMPD may be able to determine which officers were involved in ordering Plaintiff off the field without an opportunity to gather his belongings. That is, Plaintiff may be able to provide sufficient descriptions such that his claim, at least potentially, will proceed.

Second, Plaintiff pleads insufficient fact to allow the Court to determine whether his claims are otherwise subject to dismissal. For example, if the field where Plaintiff was living was public property, he may be able to state claims based on the deprivation of his personal property under the Fourth and Fourteenth Amendments in accordance with the holdings in *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012) and *Garcia v. City of Los Angeles*, 11 F.4th 1113 (9th Cir. 2021). If, however, Plaintiff was living on private property, the Court doubts that Plaintiff can bring a claim against the LVMPD officers.[1] *See Johnson v. City of Bullhead City*, 34 Fed.Appx. 557, 559 (9th Cir. 2002).[2] Finally, Plaintiff insists he was not trespassing. ECF No. 1-1 at 4. If Plaintiff had a legal right to be on the property, he may have a wrongful eviction claim against the property owners under state law. These potential claims said, the facts alleged fail to establish any legal basis on which Plaintiff can presently proceed against the individual officers.

Based on the foregoing, Plaintiff is granted leave to amend his Complaint. If Plaintiff chooses to file an amended complaint he must include in that complaint information that may allow LVMPD to identify the officers with whom he interacted. Plaintiff must also describe the specific conduct of each officer such that each officer's personal participation in alleged wrongdoing is demonstrated.

---

[1]     The Court notes, however, that Plaintiff may be able to bring a claim for conversion against private property owners in state court, but that conduct would not be attributable to LVMPD.

[2]     In *Johnson*, the plaintiff stored her personal property at her boyfriend's apartment. 34 Fed.Appx. at 560. After her boyfriend died and his mother took possession of the apartment, police officers instructed Johnson to leave. *Id*. Days later, the mother discarded Johnson's property. *Id*. at 559. The Ninth Circuit affirmed summary judgment in favor of the police because their actions constituted only a "minimal interference" of the Fourth Amendment since the officers did not take possession of the plaintiff's property, restrict plaintiff's ability to seek legal assistance, or state a view as to the ownership of the property or the right of the private third party to remove it. *Id*. The Ninth Circuit found no procedural due process violation for the deprivation of personal property on similar grounds. *Id*. at 560.

4

With respect to Plaintiff's potential claims against LVMPD, he fails to allege any facts in support of a claim under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978). Municipalities, including LVMPD can only be liable for the infringement of constitutional rights under limited circumstances not alleged in Plaintiff's Complaint. A plaintiff asserting a constitutional claim against a municipality like LVMPD under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).

Before a *Monell* claim will proceed to litigation, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity like LVMPD may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, LVMPD may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, LVMPD may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). Plaintiff states no facts that support a *Monell* claim against LVMPD. The Court grants Plaintiff one opportunity to state a claim against LVMPD.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts and all claims Plaintiff wishes to assert must be stated in the amended complaint.  As explained in the body of this Order, Plaintiff must identify, to the best of his ability, each individual involved in the wrongdoing (that is, provide as much information as possible so that LVMPD may be able to identify the officers) and allege facts demonstrating what each individual officer did that comprises a violation of Plaintiff's rights under the Constitution.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so **no later than May 1, 2026**.  Plaintiff **must** simultaneously—by **May 1, 2026**—file a complete application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* must include the Financial Acknowledgement signed by the inmate (*i.e.* page 3 of this Court's approved form).

IT IS FURTHER ORDERED that the Clerk of the Court **must** send Plaintiff the approved form application to proceed *in forma pauperis* for an inmate together with the form Complaint and instructions for completing both.

IT IS FURTHER ORDERED that failure to file an amended complaint and an application to proceed *in forma pauperis* in compliance with the terms of this Order will result in a recommendation to dismiss this matter in its entirety.

Dated this 9th day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

6